OPINION
Defendant-appellant, Betsy Gardner, appeals from the conviction and sentence of the Lima Municipal Court for driving under the influence of alcohol, in violation of R.C. 4511.19(A)(1). For the following reasons, we reverse the judgment of the trial court.
The facts and procedural history of the case are as follows. On April 11, 2001, at approximately 1:12 a.m., appellant was driving her vehicle southbound on Cable Road, located in Lima, Ohio. Cable Road is a four-lane road with two northbound lanes and two southbound lanes. Trooper Charles Jordan, Jr., of the Ohio State Highway Patrol, was approximately ten car lengths behind appellant when he observed appellant drive her vehicle half way between the left and right southbound lanes before drifting back into the left lane. Trooper Jordan initiated a traffic stop of appellant's vehicle for a violation of R.C. 4511.33(A), failing to drive within marked lanes.
According to Trooper Jordan's report, upon approaching the vehicle and after speaking with the appellant, he detected the odor of an alcoholic beverage on appellant's breath. Trooper Jordan asked the appellant whether she had been drinking to which she replied that she had consumed one beer and was taking prescribed lithium. Trooper Jordan observed that appellant's eyes were glassy and bloodshot, and her speech was slurred. After such observations, Trooper Jordan asked the appellant to come to the back of the patrol car to perform field sobriety tests. After completion of the field sobriety tests, the appellant was placed under arrest for driving under the influence of alcohol, in violation of R.C.4511.19(A)(1).
On April 18, 2001, the appellant entered a plea of not guilty to the offense of driving under the influence of alcohol and/or with a prohibited concentration of breath alcohol in violation of R.C.4511.19(A)(1) and (A)(3). On May 10, 2001, the appellant filed a motion to suppress, including, but not limited to, the results of the field sobriety tests. A hearing was held on the matter in the Lima Municipal Court. By judgment entry of June 15, 2001, the trial court overruled the appellant's motion to suppress.
The appellant changed her plea to no contest following the ruling on the motion to suppress. The trial court ultimately found the appellant guilty of driving under the influence and imposed a fine and sentence.
The appellant now appeals asserting the following two assignments of error for our review.
 ASSIGNMENT OF ERROR NO. I Whether the Lima Municipal Court of Allen County, Ohio, committedreversible error when applying the wrong standard to justify aninvestigatory stop.
 ASSIGNMENT OF ERROR NO. II Whether the Lima Municipal Court of Allen County, Ohio, committedreversible error when finding that the actions of defendant/appellant didconstitute reasonable articulable suspicion to stop and thereforeoverruled defendant/appellant's pre-trial motion to suppress.
In her first assignment of error, the appellant argues that the trial court applied an incorrect legal standard when overruling her motion to suppress evidence. As the appellant correctly points out, the standard that the trial court should have applied is whether a police officer had a reasonable, articulable suspicion that a traffic violation took place.[1] Instead, the trial court applied a standard that would allow an officer to stop a motorist, not based upon a traffic violation, but in order to determine the reason for the motorist's behavior at issue. Upon that record, we may not correct the trial court's error of law by applying the correct standard to the evidence received at the suppression hearing. At a suppression hearing, the trier of fact evaluates the evidence and decides the credibility of witnesses.[2] Therefore, our review is limited to the trial court's judgment as contained in its entry. The case must be remanded to the trial court for its consideration applying the correct constitutional standard to its findings of fact and its entry of judgment accordingly.
In light of our decision as to the first assignment of error, we need not consider the appellant's second assignment of error.
The judgment of the Lima Municipal Court is reversed and the cause remanded for further proceedings in accordance with this opinion.
Judgment reversed and cause remanded.
WALTERS, J., concur.
BRYANT, J., Dissenting.
[1] Dayton v. Erickson (1996), 76 Ohio St.3d 3, 11-12.
[2] State v. Mills (1992), 62 Ohio St.3d 357.